**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| |
|---|
| ALEX REYES and CARLOS LASTRA, on behalf of themselves and others similarly situated, |
| *Plaintiffs*, |
| -against- |
| CRYSTAL WINDOW & DOOR SYSTEMS, LTD., |
| *Defendant*. |

No. 23-cv-02578-RPK-JRC

**AMENDED**
**FLSA COLLECTIVE ACTION**
**and RULE 23 CLASS ACTION**
**COMPLAINT**

**Jury Trial Demanded**

Plaintiffs ALEX REYES and CARLOS LASTRA (each, "Plaintiffs"), individually and on behalf of all other similarly situated persons employed by CRYSTAL WINDOW & DOOR SYSTEMS, LTD. ("Defendant") as class representatives, upon personal knowledge as to themselves and upon information and belief as to other matters, by and through their undersigned attorneys, allege as follows:

## NATURE OF THE ACTION

1.       Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), that Defendant failed to pay Plaintiffs and a proposed class of others similarly situated the required overtime pay of time and one-half for hours worked in excess of forty hours per week.  Plaintiffs and a proposed class are entitled to recover from Defendant: (1) unpaid overtime compensation; (2) liquidated damages on those amounts; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2.       Plaintiffs further allege that, pursuant to the New York Labor Law "NYLL," they and a proposed class of other similarly situated employees are entitled to recover from Defendant: (1) unpaid overtime compensation; (2) liquidated damages for untimely wage

payments; (3) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act; and (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and 28 U.S.C. §§ 1331 and 1337 and 1343 and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because the Defendant maintains a place of business in this district and the majority of the conduct making up the basis of the complaint took place in this district.

## PARTIES

5.      Each Plaintiff is an adult, over eighteen years old, and a resident of the County of Queens State of New York.

6.      Defendant, CRYSTAL WINDOW & DOOR SYSTEMS, LTD. ("Entity Defendant"), is a domestic limited liability company, organized and existing under the laws of the State of New York, with a service of process address of 31-10 WHITESTONE EXPRESSWAY, FLUSHING, NY 11354.

7.      Defendant was and is an employer within the meaning of the NYLL, the New York Codes, Rules and Regulations, and the FLSA.

8.      At all relevant times, Defendant operated and continues to operate a window and door manufacturing company at 31-10 WHITESTONE EXPRESSWAY, FLUSHING, NY 11354.

9.      Upon information and belief, Defendant exercises control over the terms and conditions of employees' employment, including Plaintiff's employment, in that it has the power to: (i) hire and fire employees; (ii) determine rates and methods of pay; (iii) determine work schedules; (iv) supervise and control the work of employees; and (v) otherwise affect the quality of employees' employment.

10.      At all relevant times, the work performed by Plaintiffs was essential to the business owned and operated by Defendant.

## STATEMENT OF FACTS

11.      Crystal Window & Door Systems, offers industry proven quality, with state-of-the-art manufacturing in Queens, New York; Benton, Pennsylvania; Chicago, IL; St. Louis, MO; and Riverside, CA.

12.      It manufactures a full production line of quality, energy efficient vinyl and aluminum windows for residential and commercial use.

13.      Crystal Window's corporate headquarters and main production facility are in New York City and include the company's state-of-the-art 215,000 sq.ft manufacturing facility in Queens NY.

14.      With over 30 years of operation, Crystal Window has grown from a startup in 1990 to one of the top 25 window manufacturers in North America.

15.      The company and its subsidiaries and affiliates operate more than 1,000,000-ft2 of manufacturing space at five plants.

16.      Crystal Window employs over 800 people at its main factory, regional branches, subsidiaries and affiliate firms.

17.      Crystal Window's products are distributed in more than 40 states.

18.     Crystal Window is a family run business.

19.     Defendant operates and maintains an official YouTube channel, which is accessible to the general public and serves as a platform for the company to share information, updates, and other related content about its business operations and practices.

20.     Defendant published a video on its YouTube channel featuring Katherine Fitzsimmons, who is identified in the video as the company's Senior Human Resources executive.

21.     In the video, Ms. Fitzsimmons speaks on the hiring and recruiting practices of the company, among other topics.

22.     Ms. Fitzsimmons has significant responsibilities within the company, including, but not limited to, overseeing the hiring and recruitment of employees.

23.     In the aforementioned video, Ms. Fitzsimmons clearly states, "We do hire in at a base rate but we do have our incentives and if you work hard and make your quota you can really make a great living."

24.     This statement implies that, in addition to a basic salary or wage, the company offers additional monetary incentives to its employees based on their performance or attainment of certain targets or quotas.

25.     In fact, this is exactly what the Company does as confirmed by Plainitffs' experience working there.

26.     Ms. Fitzsimmons further remarks in the video, "What I like is because of the incentive we can have people work in different areas and cross-train."

27.     This statement suggests that the company's incentive program not only rewards employees for meeting or exceeding performance metrics but also provides opportunities for

employees to acquire diverse skills by working in different roles or departments while the incentive system continues to work due to its group based nature.

28.    It is understood from the content and context of the video that the company employs a group-based incentive pay structure, wherein the determination of bonuses or additional compensation is based on predetermined formulas applicable to teams or groups within the company.

29.    Defendant has a policy or practice of paying its window manufacturing teams a non-discretionary bonus based on specific, pre-defined criteria.

30.    This non-discretionary bonus serves as an incentive and reward for meeting and exceeding set targets and objectives, and is an integral part of the employees' compensation package.

31.    Employees expect that they will receive their incentive pay when they hit their quotas and in the amount set by the predetermined formula.

32.    The below facts are alleged to the best of Plaintiffs' recollection and based on limited employment records that they have retained. Plaintiffs reserve the right to provide a more precise statement of wage and hour and other employment information after obtaining the relevant records through discovery in this action, including the records required by 29 U.S.C § 211(c); 29 CFR Part 516; NYLL §§ 195(4), 661; 12 NYCRR § 142-2.6.

33.    Plaintiff Alex Reyes began his employment with Defendant in or about October 2017 and remains employed.

34.    Plaintiff Carlos Lastra's employment period is from on or about October 17, 2017 to July 11, 2022.

35.     During their employment with Defendant, Plaintiff and similarly situated workers were paid at the base hourly rate for the first 40 hours worked each week; time and a half the base rate for overtime hours; and incentive pay based on a flat rate for each window shipped out of Defendant's warehouse that was then divided among Defendant's hourly employees.

36.     Defendant failed to follow the FLSA's overtime laws in regards to the way in which the overtime rate for Plaintiff and the Proposed Class was calculated.

37.     The FLSA requires that employers of nonexempt employees include additional compensation, such as incentive pay, in the employees' regular rate when calculating the overtime rate.

38.     Defendant failed to do so when calculating and paying the required overtime rate.

39.     For example, on one of Plaintiff Reyes's pay stubs dated December 21, 2020 which covered the bi-weeky pay period of November 30, 2020 to December 13, 2020, Reyes's base hourly rate is listed as $16.67 and his overtime rate as $25.0050.

40.     On this December 21, 2020 pay stub, Defendant paid Reyes incentive pay in the amount of $210.38, while his gross wages for 80 straight-time hours was $1333.60.  Overtime pay for 14.17 overtime hours at the $25.0050 rate was $354.32.

41.     If Defendant had properly included Reyes's incentive pay as part of his regular pay rate as required by the FLSA, because, inter alia, it was a bonus based on a predetermined formula, they would have added $210.38 in incentive pay to the gross regular wages of $1333.60.  Dividing this regular hours sum by 80 hours results in the regular rate equivalent of $19.30 straight time when rounded up to the nearest penny.

42.     Under the FLSA's overtime rules for non-exempt employees, this means that Reyes's overtime rate should have been $28.95 (1.5 x $19.30).  Multiplying the correct overtime

rate by 14.17 overtime hours would have resulted in $410.22 in overtime compensation when rounded to the nearest penny rather than the $354.32 paid by Defendant.

43.     Defendants underpaid Reyes by $55.90 in the pay period ending on December 21, 2020.

44.     Using a bi-weekly paycheck for Plaintiff Lastra, covering the period of June 15, 2020 to June 28, 2020, as a second example, Defendant paid Lastra gross wages in the amount of $1176.40 for 70.57 regular hours paid at the same hourly rate of $16.67.

45.     In this same pay period, Defendant paid Lastra $110.77 for 4.43 overtime hours at the overtime rate of $25.0050.  Defendant also paid Lastra $253.33 in incentive pay for this same time period.

46.     Under the FLSA, Lastra's regular rate should have been calculated as $20.005 when accounting for the incentive pay, resulting in a correct overtime rate of $30.01.  Therefore, Lastra should have received $132.94 in overtime compensation.  Defendant's incorrect calculations resulted in an underpayment of $22.17 for this pay period.

47.     During Plaintiffs' employment, over twenty-five percent of their duties as a front of warehouse helpers, were physical tasks, including but not limited to: (1) packing orders; (2) picking up and loading packages to trucks; (3) complete deliveries to customers; (4) unpacking deliveries; and (5) general customer service.

48.     Despite regularly spending more than twenty-five percent of each shift performing these physical tasks, Plaintiffs were compensated by Defendant on a bi-weekly basis.

49.     Defendant failed to pay Plaintiffs and similarly situated workers their wages as required NYLL § 191(1)(a).

50.     Defendant also failed to pay Plaintiffs and similarly situated employees their correct overtime pay as required by the FLSA and NYLL.

51.     Throughout their employment, Defendant failed to provide Plaintiffs and similarly situated employees with accurate wage statements with each payment of wages, Defendant failed to provide Plaintiffs with complete and accurate wage notices as required by the NYLL.

52.     Plaintiffs Reyes and Lastra and other similarly situated Manual Workers employed by Defendant suffered actual and acute injuries as a result of Defendant's failure to pay weekly wages.  The timely payment of earned wages were and are crucial to their ability to pay day to day and monthly expenses, especially due to the New York area's high cost of living. Defendant's conduct in paying Reyes and Lastra's wages late throughout their employment resulted in them having to pay bills late on more than one occasion.

53.     Defendant's late wage payments also deprived Reyes, Lastra, and similarly situated Manual Workers of the time value of their earned money, resulting in tangible financial loss calculated as interest and in other amounts; and loss in the form of the negative impact on their ability to save, invest, and plan for the future.  The Defendant reaped large sales profits from its customers as a direct result of its Manual Workers' labor, taking in billions in annual revenue, while unlawfully withholding from and paying late its employees who are least able to weather these unjust delays.

## COLLECTIVE ACTION ALLEGATIONS

54.     Plaintiffs bring this action individually and as class representatives on behalf of the "Proposed FLSA Collective" defined as:

> All current and former hourly employees of Defendant employed in New York State for the three-year period prior to the filing of the complaint who worked in excess of 40 hours per week and received incentive pay based on meeting a set quota.

55. Upon information and belief, the total number of members of the proposed collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are more than five hundred (500) Collective Action Members who worked for the Defendant during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiffs submit that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

56. Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

57. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

58. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, in as much as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of

the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

59.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

     a.  What were the employee's duties and responsibilities?

     b.  Whether the Defendant employed Plaintiffs and the Collective Action Members within the meaning of the FLSA;

     c.  Whether Plaintiffs and the Collective Action Members expected to receive incentive pay?

     d.  Whether the incentive pay was based on a predetermined formula?

     e.  Whether the Defendant failed to correctly include incentive pay in calculating the overtime rate?

60.     Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

61.     Plaintiffs and others similarly situated have been substantially damaged by the Defendant's wrongful conduct.

**CLASS ACTION ALLEGATIONS**

62.     Plaintiffs sue on their own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

63. In addition to bringing this action as a proposed collective action to remedy violations of the FLSA, Plaintiffs also bring this action on behalf of a "Proposed Rule 23 Class," under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, and consisting of:

> All current and former hourly employees of Defendant employed in New York State for the six-year period prior to the filing of the complaint who worked in excess of 40 hours per week and received incentive pay based on meeting a set quota.

64. Upon information and belief, the persons in the Proposed Class are so numerous that joinder of all members is impracticable. Based on Plaintiffs' observations while working for Defendant and available public information, there are a minimum of 500 members of the proposed class. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendant, the Proposed Class consists of all nonmanagerial current and former employees and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

65. The claims of Plaintiffs are typical of the claims of the Proposed Class, and a Rule 23 class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

66. The Defendant has acted on grounds generally applicable to the Proposed Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Proposed Class as a whole.

67. Plaintiffs have committed themselves to pursuing this action and have retained counsel experienced in employment law and class action litigation.

68. Plaintiffs will fairly and adequately protect the interests of the Proposed Class.

69. Plaintiffs understand that, as class representatives, they assumes a fiduciary responsibility to the Class Members to represent their interests fairly and adequately, and that they must consider their interests just as they would represent and consider their own interests, and that they may not favor their own interests over those of the Class Members.

70. Plaintiffs recognize that any resolution of a Rule 23 class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class. Plaintiffs understand that in order to provide adequate representation, they must remain informed of litigation developments and that they may be called upon to testify in depositions and at trial.

71. Plaintiffs have the same interests in this matter as all other members of the Proposed Class, and Plaintiffs' claims are typical of the Proposed Class.

72. There are questions of law and fact common to the Proposed Class which predominate over any questions solely affecting the individual members of the Proposed Class, including but not limited to the same questions as noted above with respect to the FLSA collective, and, additionally, the following questions?

    a. Whether the Defendant employed Plaintiffs and the Collective Action Members within the meaning of the FLSA;

    b. What was the frequency of pay for the employee?

## STATEMENT OF CLAIMS

## COUNT I: FLSA – Overtime

### *Brought on behalf of Plaintiffs and the Proposed FLSA Collective*

73. Plaintiffs reallege and re-aver each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

74.     Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

75.     At all relevant times, upon information and belief, Defendant was and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and the Proposed FLSA Collective members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

76.     At all relevant times, Defendant employed Plaintiffs and the Proposed FLSA Collective members within the meaning of the FLSA.

77.     Upon information and belief, at all relevant times, Defendant has had gross revenues in excess of $500,000.

78.     Plaintiffs and the Proposed FLSA Collective members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA. Defendant failed to pay Plaintiffs and the Proposed FLSA Collective members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

79.     Pursuant to the FLSA employers are required to include non-discretionary bonuses in the regular rate of pay when calculating overtime compensation.

80.     Despite the non-discretionary nature of the bonus, and in violation of the FLSA, Defendant systematically failed to include said bonus when calculating the regular rate of pay for overtime purposes for its window manufacturing teams.

81.     As a result, Plaintiff and similarly situated employees were deprived of lawful overtime compensation to which they were entitled.

82.     At all relevant times, Defendant had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half of the regular rate of pay, including incentive compensation, to Plaintiffs and the Proposed FLSA Collective members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(l) and 215(a).

83.     Defendant knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and the Proposed FLSA Collective members at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wage and overtime compensation would financially injure Plaintiffs and the Proposed FLSA Collective.

84.     Defendant has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21 l(c) and 215(a).

85.     Defendant failed to properly disclose or apprise Plaintiffs and the Proposed FLSA Collective members of their rights under the FLSA.

86.     As a direct and proximate result of Defendant's violation of the FLSA, Plaintiffs and the Proposed FLSA Collective members are entitled to liquidated damages pursuant to the FLSA.

87.     Due to the reckless, willful and unlawful acts of Defendant, Plaintiffs and the Proposed FLSA Collective members suffered damages in an amount not presently ascertainable

of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

88.     Plaintiffs and the Proposed FLSA Collective members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II: NYLL – Overtime Pay

### *Brought on behalf of Plaintiffs and the Proposed Rule 23 Class*

89.     Plaintiffs reallege and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

90.     Defendant employed Plaintiffs and the Rule 23 Proposed Class members within the meaning of New York Labor Law §§ 2 and 651.

91.     Defendant knowingly and willfully violated the rights of Plaintiffs and the Rule 23 Proposed Class members by failing to pay Plaintiffs and the Rule 23 Proposed Class members the applicable required overtime compensation at the rate of time and one-half of their regular rate of pay, including incentive pay, for each hour worked in excess of forty (40) hours in a workweek.

92.     Defendant failed to properly disclose or apprise Plaintiffs and the Rule 23 Proposed Class members of their rights under the New York Labor Law.

93.     Defendant failed to furnish Plaintiffs and the Rule 23 Proposed Class members with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

94.     Defendant failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

95.     Defendant failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law§ 194(4), and New York State Department of Labor Regulations§ 146-2.1.

96.     At the time of their hiring, Defendant failed to notify Plaintiffs and the Rule 23 Proposed Class members of their rates of pay and their regularly designated payday, in contravention of New York Labor Law § 195(1).

97.     Due to the Defendant's New York Labor Law violations, Plaintiffs and the Rule 23 Proposed Class members are entitled to recover from Defendant the difference between their actual wages and the amounts that were owed under the New York Labor law. The deficiency accounts for minimum wage for all straight time hours, overtime compensation for all overtime hours, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law§§ 663(1), 198.

98.     Plaintiffs and the Rule 23 Proposed Class members are also entitled to liquidated damages pursuant to New York Labor Law§ 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

**COUNT III: NYLL - Annual Wage Notice and Periodic Wage Statements**

*Brought on behalf of Plaintiffs and the Proposed Rule 23 Class*

99.     Plaintiffs reallege and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

100.    Defendant has willfully failed to supply Plaintiffs and the members of the Rule 23 Class with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiffs and the members of the Rule 23 Class as their primary language, containing Plaintiffs' and the members of the Rule 23 Class' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

101.    Through their knowing or intentional failure to provide Plaintiffs and the members of the Rule 23 Class with the wage notices required by the NYLL, Defendant has willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

102.    Defendant has willfully failed to supply Plaintiffs and the members of the Rule 23 Class with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

103.    Through their knowing or intentional failure to provide Plaintiffs and the members of the Rule 23 Class with the accurate wage statements required by the NYLL,

Defendant has willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

104.    Due to Defendant's willful violations of NYLL, Article 6, § 195(1), Plaintiffs and the members of the Rule 23 Class are entitled to statutory penalties of fifty dollars each day that Defendant failed to provide Plaintiffs and the members of the Rule 23 Class with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b ).

105.    Due to Defendant's willful violations of NYLL, Article 6, § 195(3), Plaintiffs and the members of the Rule 23 Class are entitled to statutory penalties of two hundred fifty dollars for each workweek that Defendant failed to provide Plaintiffs and the members of the Rule 23 Class with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, §198(1-d).

106.    Plaintiffs suffered concrete injury due to Defendants' failures in this regard. Defendants intentionally omitted a correct overtime rate and the correct frequency of pay from their wage notices and wage statements.  They knew or should have known the correct rate and frequency of pay, and should have included that information in the wage notice and wage statements. They chose to exclude it and instead include incorrect information concerning the overtime rate and pay frequency in order to get away with their violations of law.  This resulted in Plaintiffs working for years without knowledge of their correct pay frequency and overtime rate.  Had Defendants complied with the law, Plaintiffs would never have suffered this injury because they would have either quit or made a complaint or otherwise acted to rectify the situation.

**COUNT IV: Violation of the New York Labor Law – Failure to Pay Timely Wages**

*Brought on behalf of Plaintiffs and the Proposed Rule 23 Class*

107.    Plaintiffs re-allege and re-aver each and every allegation and statement contained in the paragraphs above of this Complaint as if fully set forth herein.

108.    The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendant and protect Plaintiffs and the Proposed Class.

109.    Defendant failed to pay Plaintiffs and Proposed Class on a timely basis as required by NYLL § 191(1)(a), which resulted in an underpayment.

110.    Manual Workers, as contemplated by NYLL § 191, are "dependent upon their wages for sustenance." *People v. Vetri*, 309 N.Y. 401, 405 (1955).

111.    All of Defendant's hourly workers are Manual Workers as that term is used in Section 190(4) of the New York Labor Law.

112.    As such, the failure to provide wages owed to Plaintiffs and all others similarly situated Manual Workers, according to NYLL § 191, constitutes an "especially acute injury." *See Caul v. Petco Animal Supplies, Inc.*, No. 20 Civ. 3534 (RPK) (SJB), 2021 WL 4407856, at *4 (E.D.N.Y. Sep. 27, 2021) (citing *Vega v. CM & Associates. Contr. Mgmt.*, LLC, 175 A.D.3d 1144, 1146 (N.Y. 1st Dept. 2019)).

113.    Defendant's conduct also constitutes an "injury in fact" suffered by Plaintiffs and the New York Class under Article III that is within the federal judicial power because Plaintiffs and the New York Class have "suffered an injury in fact that is concrete, particularized, and actual or imminent." *See Caul v. Petco* (infra).

114.    Due to Defendant's violations of the NYLL, Plaintiffs and the New York Class are entitled to recover from Defendant compensatory damages in an amount to be determined in this

action, plus the amount of the underpayments caused by their untimely wage payments as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, on behalf of themselves and all similarly situated Collective Action Members and Class members, respectfully requests that this Court grant the following relief:

i.      That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendant as hourly workers in New York State, and of their right to join this lawsuit if they belief they were denied proper wages;

ii.     An award for unpaid overtime compensation due under the FLSA and New York Labor Law;

iii.    An award of liquidated damages as a result of Defendant's failure to pay minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

iv.     An award of liquidated damages as a result of Defendant's failure to pay overtime compensation pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act and liquidated damages under the New York Labor law for Defendant's untimely wage payments;

v.      An award of monetary damages to be proven at trial for all unpaid prevailing wages, daily/weekly overtime and supplemental benefits owed to Plaintiffs and the Class Members;

vi.    An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;

vii.   Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

viii.  Designation of Plaintiffs as representatives of the Rule 23 Class, and counsel of record as Class Counsel;

ix.    An injunction requiring Defendant to pay all statutorily required wages pursuant to the FLSA and NYLL;

x.     An award of prejudgment and post-judgment interest;

xii.   An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. 216(b) and the NYLL;

xiii.  Such other and further relief as this Court determines to be just and proper.

## <u>JURY DEMAND</u>

Pursuant to FRCP 38 the Plaintiffs demand trial by jury on all issues.

Dated:    New York, NY          **LAW OFFICE OF MOHAMMED GANGAT**
          August 22, 2023

_____
Mohammed Gangat, Esq.,
675 Third Avenue, Suite 1810,
New York, NY 10017
(718) 669-0714
mgangat@gangatllc.com
*Attorneys for Plaintiff and the FLSA Proposed Collective
and Rule 23 Proposed Class*